[646 NYS2d 125]

In the Matter of JEFFREY KAUFMAN (Admitted as JEFFREY BERNARD KAUFMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 24, 1996

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. Dewan* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is alleged to be guilty of seven charges of professional misconduct. The seven charges

are based on 31 factual allegations. The Special Referee sustained six of the seven charges. The petitioner has moved to confirm in part and disaffirm in part the report of the Special Referee. The respondent has failed to submit any papers in opposition. The 31 factual allegations are set out below:

1. On or about November 21, 1990, the respondent was retained by a client to represent the client in an administrative proceeding relating to the client's employment by the New York City Transit Authority.

2. On April 8, 1991 and April 9, 1991, the respondent represented his client at the administrative proceeding, conducted before the New York City Office of Administrative Trials and Hearings (OATH).

3. On or about July 16, 1991, the client was terminated by the Transit Authority, based upon an adverse decision by the OATH Administrative Law Judge.

4. By notice of petition dated October 6, 1991 and petition dated November 8, 1991, the respondent commenced a proceeding in Supreme Court, Kings County, pursuant to CPLR article 78, appealing his client's termination by the Transit Authority.

5. By order dated April 9, 1992, pursuant to CPLR 7804 (g), Judge Elliot Golden of Supreme Court, Kings County, transferred the petition to the Appellate Division, Second Judicial Department.

6. In or about July 1992, the respondent made the false and misleading representation to his client that he had filed all the necessary papers with the Appellate Division. In fact, respondent had filed no papers with the Appellate Division.

7. Between approximately July 1992 and November 1992, the client made repeated requests of the respondent for reports on the status of his petition. The respondent failed to provide them.

8. In or about November 1992, the respondent gave his client a copy of a document entitled "Petitioner-Appellant's Appendix".

9. In or about November 1992, the respondent made the false and misleading representation to his client that he had filed the original "Petitioner-Appellant's Appendix" with the Appellate Division in support of the petition. In fact, the respondent had filed no such document with the Appellate Division.

10. Between approximately November 1992 and December 1993, the respondent made the false and misleading representations to his client that the petition was being delayed by the Transit Authority's continuing failure to file papers in opposition. In fact, the respondent had not filed any papers requiring a response from the Transit Authority.

11. Between approximately November 1992 and December 1993, the respondent made the false and misleading representations to his client that the respondent had made numerous motions to compel the Transit Authority to file its papers in relation to this matter. In fact, the respondent had filed no motions with the Appellate Division.

12. In or about December 1993, the respondent gave his client a copy of a notice of motion, dated November 22, 1993, prepared by the respondent, seeking an order from the Appellate Division to compel the Transit Authority to file its brief in this appeal.

13. In or about December 1993, the respondent made false and misleading representations to his client that he had filed the original notice of motion with the Appellate Division. In fact, the respondent had filed no such motion with the Appellate Division.

14. Between approximately December 1993 and April 1994, his client made repeated requests of the respondent for reports on the status of his petition. The respondent failed to provide them.

15. In or about April 1994, the respondent gave his client a copy of a document entitled "Petitioner-Appellant's Brief".

16. In or about April 1994, the respondent made the false and misleading representations to his client that he had filed the original "Petitioner-Appellant's Brief" with the Appellate Division. In fact, the respondent had filed no such brief with the Appellate Division.

17. On or about May 3, 1994, the respondent admitted to his client that he had failed to file any motions, briefs, appendices or other papers in the Appellate Division in relation to his client's petition.

18. By order dated July 20, 1994, the Appellate Division denied a motion (prepared and submitted by the client's newly retained attorney) to enlarge the client's time to perfect the proceeding, and dismissed the petition.

Appeal of Unemployment Insurance Appeal Board Decision

19. By notice dated August 21, 1991, the respondent's client was advised by the New York State Department of Labor

Unemployment Insurance Division (UID) that he was eligible for unemployment benefits.

20. By notice dated September 27, 1991, the UID advised the respondent's client that the Transit Authority objected to the determination that he was eligible for unemployment benefits, by claiming that he had lost his employment through misconduct.

21. In or about September 1991, the respondent agreed to represent his client at any hearing or proceeding in relation to the Transit Authority's objection to the UID's determination.

22. On or about October 8, 1991, the respondent represented his client at a hearing before an Administrative Law Judge, who ruled in the client's favor by default, due to the nonappearance of any Transit Authority representative.

23. In or about January 1992, the respondent appeared at another hearing with his client before an Administrative Law Judge.

24. On or about January 30, 1992, the Administrative Law Judge ruled against the client, and found that he was ineligible for unemployment benefits.

25. By decision dated June 12, 1992, the State of New York Unemployment Insurance Appeal Board affirmed the finding that the respondent's client was ineligible for unemployment benefits.

26. After receipt of the Unemployment Insurance Appeal Board decision of June 12, 1992, the respondent agreed to represent his client throughout the appeal of this decision.

27. On or about July 6, 1992, the respondent filed a notice of appeal with the Unemployment Insurance Appeal Board, challenging its decision of June 12, 1992, which notice reflected that the appeal would be filed in the Appellate Division, Third Judicial Department.

28. Between approximately July 1992 and November 1992, the client made repeated requests of the respondent for reports on the status of his appeal of the Unemployment Insurance Appeal Board decision. The respondent failed to provide them.

29. In or about November 1992, the respondent made the false and misleading representations to the client that the appeal of the Unemployment Insurance Appeal Board decision would be heard by the Appellate Division, Second Judicial Department, where he had filed and perfected the proceeding appealing the Transit Authority's termination of the client's employment. In fact, the respondent had filed no such docu-

ment with the Appellate Division, Second Judicial Department.

30. Between approximately November 1992 and May 1994, the client made repeated requests of the respondent for reports on the status of his appeal of the Unemployment Insurance Appeal Board decision. The respondent failed to provide them.

31. On or about May 3, 1994, the respondent admitted to his client that he had failed to file any motions, briefs, or other papers in the Appellate Division, Second or Third Judicial Departments, in relation to his client's appeal of the Unemployment Insurance Appeal Board decision.

Charges One through Seven allege that by the aforesaid factual allegations, the respondent has violated the following seven provisions of the Code of Professional Responsibility: DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) (Charge One); DR 7-101 (A) (1) (22 NYCRR 1200.32 [a] [1]) (Charge Two); DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2]) (Charge Three); DR 7-101 (A) (3) (22 NYCRR 1300.32 [a] [3]) (Charge Four); DR 7-102 (A) (5) (22 NYCRR 1200.33 [a] [5]) (Charge Five); DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]) (Charge Six); DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) (Charge Seven).

We find, upon a review of the evidence, that the petitioner has proven, by a preponderance of the evidence, all 31 factual allegations. We further find that the Special Referee erred in failing to sustain Charge Seven. The respondent is guilty of all seven charges. Accordingly, the petitioner's motion to confirm in part and disaffirm in part is granted.

In determining an appropriate measure of discipline to impose, we have taken into account the issuance to the respondent of two prior Letters of Admonition. On both occasions, the Letters of Admonition were issued upon a finding that the respondent neglected an assigned appeal and failed to respond to inquiries from Martin H. Brownstein, Clerk of this Court. Upon all the evidence, it is the decision of this Court that the respondent be suspended from the practice of law for a period of two years.

MANGANO, P. J.; BRACKEN, ROSENBLATT, O'BRIEN and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jeffrey Kaufman, is suspended from the practice of law for a period of two years, commencing July

31, 1996, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jeffrey Kaufman, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.